UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DEBORAH W.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CASE NO. C19-747 BAT

**ORDER AFFIRMING THE COMMISSIONER'S DECISION AND DISMISSING THE CASE WITH PREJUDICE**

Plaintiff appeals the denial of her application for Disability Insurance Benefits. She contends the ALJ erred by (**1**) declining to adopt as a functional limitation the statement by examining psychologist Diana Cook, Ph.D., that "[c]laimant likely is not able to handle a high level of stress at this time," and (**2**) discounting plaintiff's testimony about her inability to handle stress. Dkt. 8; Tr. 580. The Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is currently 67 years old and stopped working as a medical secretary after she had two strokes in May and June of 2016. She applied for benefits, alleging disability as of May 6, 2016. In a May 2018 decision, the ALJ determined that plaintiff had **the severe impairments of late effects of cerebrovascular accident ("CVA"), diabetes mellitus, hypertension, and**

**obesity**; that plaintiff had **the residual functional capacity ("RFC") to perform light work with additional physical restrictions**; that plaintiff could perform her past relevant work as a medical secretary; and that plaintiff was not disabled. Tr. 15–29.

**DISCUSSION**

The Court will reverse the ALJ's decision only if it was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). The ALJ's decision may not be reversed on account of an error that is harmless. *Id.* at 1111. Where the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's interpretation. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff has failed to demonstrate that the ALJ's decision (**1**) not to include in the RFC assessment Dr. Cook's reference to an inability to handle a high amount of stress "at this time" and (**2**) to discount plaintiff's self-report of an inability to handle stress was unreasonable, unsupported by substantial evidence, or based on harmful legal error.

**1. Examining Psychologist Dr. Cook's Statement About High Stress**

Plaintiff argues that the ALJ erred by affording significant weight to the opinion of examining psychologist Dr. Cook yet failing to account in the RFC assessment for Dr. Cook's statement about plaintiff's likely inability to handle high stress "at this time." The Court finds that the ALJ erred by not more fully discussing Dr. Cook's statement regarding plaintiff's inability to handle stress. Nonetheless, this error was harmless because the ALJ supported the conclusion that plaintiff suffered from no severe mental impairments with substantial evidence and this conclusion remains unchallenged.

Dr. Cook conducted a psychological evaluation of plaintiff in mid-August 2016, i.e., a little more than two months after plaintiff's second stroke in early-June 2016. Tr. 573. Dr. Cook diagnosed status post-stroke and depressed mood secondary to the stroke. Tr. 579. Dr. Cook noted that plaintiff seemed to be faring "quite well" following her strokes, "despite a *mildly depressed mood.*" Tr. 579 (emphasis added). Dr. Cook noted that plaintiff reported a "fairly active lifestyle," though that lifestyle was "quieter and less interactive than when she was working." Tr. 579–80. Dr. Cook opined that plaintiff's "prognosis for re-gaining psychological well-being is good," and that plaintiff "might benefit from some supportive psychotherapy, depending on her continued positive recovery trajectory." Tr. 580. In full, Dr. Cook's functional assessment was:

> Claimant is able to handle her own finances. She is able to take instruction, complete simple and repetitive, as well as more complex tasks during the intellectual portion of the exam. She seems quite able to get along with others. Claimant … is intelligent and seemingly well able to complete tasks without intervention or special instruction. **Claimant likely is not able to handle a high level of stress at this time.**

Tr. 580 (emphasis added).

The ALJ accurately restated Dr. Cook's functional assessment, including Dr. Cook's statement: "Claimant is not able to handle a high level of stress at this time."[1] Tr. 21. Moreover, the ALJ gave considerable weight to Dr. Cook's opinion. Tr. 21 (quoting Tr. 580). The ALJ did not, however, include any reference to plaintiff's inability to handle stress, or any related mental limitation, in the RFC assessment. The Court agrees with plaintiff that the ALJ erred by not explicitly stating why Dr. Cook's statement regarding plaintiff's inability to handle high stress "at this time" was rejected while Dr. Cook's opinion was otherwise given considerable weight.

---

[1] In fact, the ALJ removed the qualifier "likely" from "is not able."

Nonetheless, the Court finds this error to be harmless because the ALJ clearly determined that Dr. Cook's reference to plaintiff's inability to handle high stress was a time-delimited, rather than continuing, limitation that had resolved itself to a degree that did not impede the ability to perform work.

The ALJ accurately noted that during Dr. Cook's mental status examination, plaintiff's thought content, orientation, memory, fund of knowledge and information, calculations, concentration, abstract thinking, similarities and differences, and judgment and insights were all normal. Tr. 21 (citing Tr. 575). The ALJ observed that other mental status examinations showed that plaintiff had a consistent mood and manner that was appropriate. Tr. 21 (citing Tr. 435 (6/8/2016), 586 (11/16/2016), 597 (8/18/2016), 640 (11/16/2016), 659 (1/6/2017)). The ALJ observed that by January 2017, plaintiff reported no depression, was in no distress, and had an appropriate mood. Tr. 21 (citing Tr. 660). The ALJ considered four broad areas of areas of mental functioning—understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself—and determined that plaintiff had no more than a mild limitation in any area. Thus, viewed in the context of the ALJ's unchallenged analysis that plaintiff suffered from no severe mental impairments, it was reasonable for the ALJ to have determined *sub silentio* that Dr. Cook's reference to an inability to handle a high level of stress "at this time" meant that such a limitation was temporary in nature. *See generally Rounds v. Commissioner of SSA*, 807 F.3d 996, 1006 (9th Cir. 2015) ("An ALJ may rationally rely on specific imperatives regarding a claimant's limitations, rather than recommendations."). That the ALJ concluded that plaintiff's mental impairments had resolved within a shorter time frame than alleged is further supported by the ALJ's rejection of lay testimony by plaintiff's husband because it occurred before plaintiff had

ORDER AFFIRMING THE COMMISSIONER'S DECISION AND
DISMISSING THE CASE WITH PREJUDICE - 4

recovered much of her pre-stroke functioning, Tr. 28, and by the ALJ reference to plaintiff's treating physician providing only for an eight-week absence from work after plaintiff had suffered her first stroke in May 2016, Tr. 26.[2]

The Court finds that the ALJ's failure to explicate why Dr. Cook's statement about plaintiff's inability to handle a high level of stress "at this time" was omitted from the RFC assessment constituted harmless error.

### 2. Plaintiff's Testimony About Stress

Plaintiff argues that the ALJ improperly discounted her testimony about her inability to handle stress. The Court finds that the ALJ discounted plaintiff's testimony for at least two specific, clear and convincing reasons supported by substantial evidence: inconsistency with her reports to medical providers; and inconsistency with the medical record. *See* 20 C.F.R. 404 1529(c); *see Molina,* 674 F.3d at 1112.

First, the ALJ discounted plaintiff's testimony about disabling stress because it was inconsistent with her reports to providers. Tr. 26. Plaintiff had only one office visit for any concerns related to her stroke after January 2017 and did not report difficulties related to stress. Tr. 26, 650–713. At her February 2018 wellness visit, plaintiff did not mention any issues related to stress and reported no issues with memory. Tr. 26, 708–13. Second, although plaintiff here

---

[2] As plaintiff notes, the ALJ did not, however, acknowledge that plaintiff's treating physician provided for a yearlong absence of work after plaintiff suffered her second stroke in June 2016. Dkt. 8, at 9; *see* Tr. 43. The treating physician did not explain the basis for this lengthier absence besides noting that plaintiff had suffered a second stroke, "[r]ecovery is unpredictable," and "[f]ull recovery is possible but will be slow." Tr. 43. To the extent the ALJ erred by failing to recognize that plaintiff's treating physician had proposed a year-long absence of work, the Court finds this omission to be harmless because, without challenge, the ALJ rejected any severe mental impairments and because the treating physician's June 2016 opinion did not refer to an inability to handle stress and was "brief, conclusory, and inadequately supported by clinical findings" regarding mental health. *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).

focuses entirely on the question of stress, the ALJ's discussion must be viewed in the context of the ALJ's unchallenged rejection of anything greater than mild mental limitations, a conclusion supported by the entirety of the medical record as well as Dr. Cook's examining opinion, which can be reasonably construed as contradicting plaintiff's complaints of difficulties with memory and other mental functioning and suggesting that plaintiff's intolerance to stress was temporary.

Plaintiff argues that she should not be penalized for not reporting stress after ceasing to work because it follows that she was no longer exposed to stress and would not be able to tolerate her return to a fast-paced environment working as a medical secretary. Dkt. 10, at 4. Although this assertion is plausible, it does not relieve plaintiff of the burden to demonstrate that she suffers from disabling stress because "the ALJ is not required to believe every allegation of disabling [symptoms], or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. § 423(d)(5)(A)." *Molina*, 674 F.3d at 1112 (internal marks and citation omitted).

The Court finds the ALJ discounted plaintiff's testimony about her inability to tolerate stress for at least two specific, clear and convincing reasons supported by substantial evidence.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 29th day of October, 2019.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

ORDER AFFIRMING THE COMMISSIONER'S DECISION AND
DISMISSING THE CASE WITH PREJUDICE - 6